Opinion by Judge REINHARDT; Dissent by Judge THOMAS.
REINHARDT, Circuit Judge:
In this appeal, we consider whether the 1994 amendments to the Bankruptcy Code preclude a Chapter 7 debtor’s attorney from receiving professional fees from the bankruptcy estate for post-petition services. We conclude that a debtor’s attorney may receive such fees pursuant to 11 U.S.C. § 330, and therefore reverse the contrary determination of the Bankruptcy Appellate Panel.
I. FACTUAL AND PROCEDURAL BACKGROUND
On September 8, 1995, Century Cleaning Services (Century) filed a Chapter 11 bankruptcy petition. On the same day, the law firm-appellee in this case, Garvey, Schubert & Barer (Garvey), filed an application with the bankruptcy court seeking appointment as counsel for Century, a debtor-in-possession. The bankruptcy court granted the application. The firm also filed an affidavit stating that it had received a retainer of $27,860.34 from Century for post-petition legal services and expenses. Garvey already had been compensated for all of its pre-petition services.
On September 22, 1995, Century’s case was converted to a Chapter 7 bankruptcy, and the court appointed a trustee. Garvey *1055 continued to provide legal services for Century, including filing the conversion petition, preparing schedules, amended reports, a statement of affairs, and a Rule 2015 report, communicating with creditors, and participating in 2004 examinations. Garvey, however, did not request reappointment as Century’s attorney for the Chapter 7 proceedings.
On June 10, 1996, Garvey filed a fee application for “Chapter 7 attorney’s fees and expenses for services from September 22, 1995-April 80, 1996” totaling $12,-770.87. On June 13, 1996, the Chapter 7 trustee filed a notice of intent to allow Garvey to be compensated from the retainer funds. Upon review, the U.S. Trustee filed an objection, stating that the Bankruptcy Code, 11 U.S.C. § 330 in particular, did not permit attorney’s fees to be paid out of estate funds. In response, Garvey contended that its services were necessary to the administration of the estate as the services were performed at the request of the bankruptcy court, the Chapter 7 trustee, and one of Century’s creditors.
The bankruptcy court held that the Bankruptcy Code did not authorize payment to Garvey because Congress had recently amended § 330 to omit the term “debtor’s attorney” from the list of professionals eligible for compensation under the statute. See In re Century Cleaning Servs., Inc., 202 B.R. 149, 151 (Bankr.D.Or.1996). Nonetheless, the bankruptcy court held that Garvey had a valid state law lien on Century’s retainer, and thus that Garvey could recover “reasonable fees.” See id. at 153. The court awarded Garvey $10,568.37. The U.S. Trustee then appealed to the Bankruptcy Appellate Panel, which affirmed the award under the state law lien theory, after concluding, like the Bankruptcy Court, that Garvey could not be compensated under § 330. See United States Trustee v. Garvey, Schubert & Barer (In re Century Cleaning Servs., Inc.), 215 B.R. 18, 22 (9th Cir. BAP 1997). The U.S. Trustee appeals from that decision. On appeal, it contends that the Bankruptcy Appellate Panel correctly determined that § 330 precludes compensátion to a Chapter 7 debtor’s attorney, but that it erred in allowing Garvey compensation pursuant to an attorney’s lien under Oregon law. The U.S. Trustee argues that Oregon law does not allow a lien for post-petition services, and that in any event, § 330 preempts Oregon law to the extent that it allows for such a lien in Chapter 7 proceedings.
We review the bankruptcy court’s interpretation of the Bankruptcy Code and the Bankruptcy Appellate Panel’s conclusions of law de novo. See McClellan Fed. Credit Union v. Parker (In re Parker), 139 F.3d 668, 670 (9th Cir.), cert. denied, — U.S. -, 119 S.Ct. 592, 142 L.Ed.2d 535 (1998); Grey v. Federated Group, Inc. (In re Federated Group, Inc.), 107 F.3d 730, 732 (9th Cir.1997).
II. LEGAL BACKGROUND
To answer the question whether a debt- or’s attorney can be awarded fees under § 330, we must first attempt to understand the changes to the Bankruptcy Code that give rise to the uncertainty in the statutory scheme. Prior to the passage of the Bankruptcy Reform Act of 1994 (Reform Act), Chapter 7 debtor’s attorneys were clearly statutorily eligible to receive compensation from the bankruptcy estate for post-petition services. Specifically, prior to the Reform Act, the first sentence of 11 U.S.C. § 330(a) expressly included attorneys in both of the two places at which the sentence set forth the list of persons eligible to receive distributions under § 330(a):
After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, .and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor’s attorney—
(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may *1056 be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and (2) reimbursement for actual, necessary expenses.
11 U.S.C. § 330(a) (1994) (emphasis added).
The Reform Act amended § 330(a) extensively, adding, among other things, more detailed guidance about how a court should determine the reasonableness of fee requests. As it finally emerged from Congress following several floor amendments, the sentence-long Reform Act version of § 330(a)(1)[1] did not include “debtor’s attorney” at the first place at which the list of persons eligible for compensation appeared, but did continue to expressly include attorneys at the place where the list appeared later in the sentence.[2] As amended by the Reform Act, the section now provides:
(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103—
(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and (B) reimbursement for actual, necessary expenses.
11 U.S.C.A. § 330(a) (West Supp.1999) (emphasis added). Thus, after the 1994 amendment, on the face of the statute the list of persons to whom the court “may award” payments is different from the list of persons to whom the court may provide “reasonable compensation.” See 11 U.S.C. § 330(a)(1), (1)(A).
The Second and the Fifth Circuits, as well as several bankruptcy courts, have wrestled with the significance of the Reform Act amendments. The Fifth Circuit and several bankruptcy courts have concluded that the plain language of the Bankruptcy Reform Act unambiguously precludes the award of fees to debtor’s attorneys. See Andrews & Kurth L.L.P. v. Family Snacks, Inc. (In re Pro-Snax Distribs., Inc.), 157 F.3d 414, 425-26 (5th Cir.1998); In re Fassinger, 191 B.R. 864, 865 (Bankr.D.Or.1996); In re Friedland, 182 B.R. 576, 578-79 (Bankr.D.Colo.1995). Finding the statutory language unambiguous, these courts have either refused to examine the legislative history of the Reform Act altogether, see In re Pro-Snax Distribs., Inc., 157 F.3d at 425-26, or, at the least, have refused to consider the historical evolution- of the Bankruptcy Code absent any indication that a literal application of the statute would produce a result demonstrably at odds with the intention of its drafters. See In re Friedland, 182 B.R. at 578. In finding the statutory language unambiguous, however, none of these courts has even mentioned, let alone attempted to explain, the glaring inconsistency in the two listings of eligible persons contained in the single sentence that constitutes § 330(a)(1).
In contrast, the Second Circuit, other bankruptcy courts, and the leading treatise on bankruptcy law have all concluded that § 330(a)(1) should be interpreted to permit the payment of compensation to Chapter 7 debtor’s attorneys. See In re Ames Dept. Stores, Inc., 76 F.3d 66, 71-72 (2nd Cir.1996); In re Hodes, 235 B.R. 93, 98-99 (Bankr.D.Kan.1999); In re Bottone, 226 *1057 B.R. 290, 297 (Bankr.D.Mass.1998); In re Miller, 211 B.R. 399, 401-402 (Bankr.D.Kan.1997); 3 Collier on Bankruptcy ¶ 330.LH[5] at 375-76 (Lawrence P. King et al. eds., 15th ed. rev.1999). These courts and the Collier treatise all found that Congress’s deletion of the term “debt- or’s attorney” from the first enumeration of eligible persons in § 330(a)(1) was inadvertent, see, e.g., In re Bottone, 226 B.R. at 297, and at least two courts have explicitly rejected the Fifth Circuit’s contention that the Reform Act’s language is unambiguous. See In re Miller, 211 B.R. at 401-02; In re Hodes, 235 B.R. at 99. In finding the amendment ambiguous, Miller, which is cited with approval in the Collier treatise, emphasized the inconsistency in the two lists contained in § 330(a)(1). See Miller, 211 B.R. at 401-02, cited in 3 Collier on Bankruptcy ¶ 330.LH[5] at 375.
III. DISCUSSION
A careful examination of § 330(a)(1) reveals an unavoidable and substantial ambiguity, which stems from an internal conflict between two different portions of a single sentence. In the sentence-long statutory provision which governs reimbursement from the debtor’s estate for post-petition services, the enumeration of those to whom the court “may award” payments includes “a trustee, an examiner, [or] a professional person employed under section 327 or 1103,” while the enumeration of those to whom the court may provide “reasonable compensation” includes “the trustee, examiner, professional person, or attorney .... ” 11 U.S.C. § 330(a)(1), (1)(A) (emphasis added). Because the first enumeration excludes attorneys, while the second specifically includes them, we cannot avoid the conclusion that the statutory language is substantially ambiguous.[3] Nor can we avoid the conclusion that Congress made a drafting error of some kind.
That the statutory language is ambiguous, and that the ambiguity is the result of a drafting error, is bolstered by a close reading of the part of the text setting forth *1058 the first list of eligible persons. After the Reform Act amendments, the first listing of eligible persons no longer included debt- or’s attorneys, which made “a professional person employed under section 327 or 1103” the last category in the amended provision’s first listing of eligible persons. To render the amended listing grammatically correct, Congress would have had to insert the conjunction “or” immediately before the now-last category, “a professional person.” The amended statute, however, does not do so, and thus there is now no conjunction between the last and the next-to-last items of the first enumeration. See 11 U.S.C. § 330(a)(1). The absence of this conjunction shows, at the least, that some error was made in the drafting of the provision at issue.
Demonstrating that the text of § 330(a)(1) is ambiguous reveals the error of both the Bankruptcy Appellate Panel below and the Fifth Circuit,[4] but it does not resolve the question presented in this case. In order to decide whether Garvey may be compensated under § 330, we must directly confront the fact that the statute contains a drafting error, and determine whether the error lies in excluding attorneys from the first list in § 330(a)(1) or in including them in the second. Luckily, the legislative history of the Bankruptcy Reform Act, in conjunction with the language of the predecessor statute, provides us with valuable clues about the meaning of § 330(a)(1).[5]
The history of the Reform Act points the way to resolving the ambiguity created by the fact that the listing of persons to whom the court “may award” payments is different from the listing of persons to whom the court may provide “reasonable compensation.” See 11 U.S.C. § 330(a)(1), (1)(A). As the provision existed in the statute prior to the introduction of the Reform Act, the two listings were coextensive and both included attorneys. At least as important, the two lists were coextensive in the version of the Reform Act initially introduced in the Senate — both again included attorneys. In fact, as originally introduced, the relevant portion of the proposed new § 330(a)(1) did not change existing law — except that it added a new provision allowing the U.S. Trustee to file objections to fee requests. The initial version of the Reform Act read:
(1) After notice to the parties in interest and the United States trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103, or the debtor’s attorney, after considering comments and objections submitted by the United States Trustee in conformance with guidelines adopted by the Ex *1059 ecutive Office for United States Trustees pursuant to section 586(a)(3)(A) of title 28—
(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any professional person employed by any such person; and
(B) reimbursement for actual, necessary expenses.
S. 540, 103d Cong. § 309, 140 Cong. Rec. s4405-06 (1994) (emphasis added).
Subsequently, Senator Metzenbaum introduced an amendment to the Reform Act that became part of the text of the final legislation. See 140 Cong. Rec. s4741-01 (1994). The Bankruptcy Appellate Panel below characterized this amendment as one that omitted the phrase “debtor’s attorney” from § 330(a)(1). See In re Century Cleaning Servs., Inc., 215 B.R. at 21. The text of the amendment, however, reveals that the relevant portion did not simply delete the term “debtor’s attorney” from § 330(a)(1). Nor was that its fundamental purpose. Rather, it was designed to, and did, consolidate, in a newly created subsection, the newly drafted language in § 330(a)(1) allowing for objections by the U.S. Trustee with another provision that also discussed objections to fee awards, which was contained in the proposed § 330(a)(2)(A)®.[6] See 140 Cong. Rec. s4405-06 (1994). In order to improve the organization of § 330(a) and eliminate any potential redundancy between the two different provisions discussing objections, Senator Metzenbaum’s amendment deleted the discussion of objections from both § 330(a)(1) and § 330(a)(2)(A)®, and added in their place a new § 330(a)(2) which contained a general provision relating to objections, including those by the U.S. Trustee.[7]
Coincidentally, the language providing for objections, which Senator Metzen-baum’s amendment removed from § 330(a)(1) in the reorganization, was contained in a clause that happened to fall immediately after the term “debtor’s attorney,” although the two subject matters were entirely unrelated. The material the amendment actually deleted from § 330(a)(1) was as follows:
or the debtor’s attorney, after considering comments and objections submitted by the United States Trustee in conformance with guidelines adopted by the Executive Office for United States Trustees pursuant to section 586(a)(3)(A) of title 28-
See 140 Cong. Rec. s4741-01 (1994); 140 Cong. Rec. s4405-06 (1994).[8] Thus, the material deleted consisted solely of the newly added language that was moved to a new subsection plus the four unrelated words that directly preceded it. Unfortunately, those four words happened to be “or a debtor’s attorney.”
The fact that attorneys were deleted from the first list by an organizational revision that removed from § 330(a)(1) a considerably larger adjacent and independent provision strongly suggests that the *1060 deletion of the first four words resulted from an unintended slip of the pen and not from a deliberate change. It is indeed easy to see how the mistake in the first list could have occurred: in deleting the proposed language relating to the U.S. Trustee, the author of the amendment could simply have crossed out a few too many words. It is equally easy to see how the error was overlooked: it occurred as part of a revision that appeared simply to restore then-existing law by eliminating a proposed new procedure.
The likelihood that the deletion of the four words was inadvertent is increased by the absence of three things one would expect to find had it been deliberate. The first, of course, is the absence of any effort to amend the parallel list in the same sentence, which also contained attorneys.[9] The second is the absence of a corollary change to the structure of the first list. As noted above, the amendment failed to add the conjunction “or” between the now-next-to-last and last items of the first list. If Congress’s deletion of “debt- or’s attorney” from the first list had been deliberate, one would have expected it to have included the conjunction in the amendment. Finally, had the deletion of the four words been deliberate, one would expect to find some evidence in the Reform Act’s legislative history that Congress intended to remove “debtor’s attorney” from the first list in the amendment. Here, there is none. We do not lightly presume that Congress intended to work a substantive change to existing law with an ambiguous amendment. Absent any mention in a statute’s legislative history that Congress intended a change, courts ordinarily will refuse to find that ambiguous statutory language significantly alters an existing statutory scheme. See Dewsnup v. Timm, 502 U.S. 410, 419-20, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). Prior to the amendment, § 330(a) included “attorney” in both lists, clearly allowing attorneys in Chapter 7 proceedings to recover fees. The absence of any discussion of the deletion of the term “debtor’s attorney” in the legislative history strongly suggests that Congress did not intend to delete that term from either list, or to make any substantive change to that part of the statute.
In contrast to the persuasive evidence that the omission of debtor’s attorneys from the first list in § 330(a)(1) was a mistake, there is absolutely no indication that the retention of attorneys in the second list was an error. In fact, all of the relevant evidence supports the conclusion that Congress did not intend to remove the term “attorney” from the second list.
Policy considerations also counsel in favor of allowing attorneys to receive reimbursement under § 330. There are several post-petition services commonly performed by the debtor’s attorney in Chapter 7 proceedings that are necessary to the administration of the estate. See In re Pine Valley Machine, Inc., 172 B.R. 481, 488 (Bankr.D.Mass.1994) (discussing the post-petition services that debtor’s counsel may need to provide). In this case, for example, Garvey filed the conversion petition, prepared schedules, amended reports, a statement of affairs, and a Rule 2015 report, communicated with creditors, and participated in *1061 2004 examinations. Interpreting the ambiguous provision in § 330(a)(1) so as to eliminate the possibility of post-petition compensation for Chapter 7 debtor’s attorneys would significantly alter the ability of Chapter 7 debtors to secure counsel in order to perform these services — a fundamental change in bankruptcy law.[10] See In re Miller, 211 B.R. at 402; In re Hodes, 235 B.R. at 99; 3 Collier on Bankruptcy ¶ 830.LH[5] at 330-76 to -77. It seems to us especially unlikely that Congress would make such a substantial change to existing law without even so much as mentioning the existence of the change at some point during the process of enacting the Reform Act.
IV. CONCLUSION
The history of the Bankruptcy Code, the legislative history of the Reform Act, and applicable policy considerations all point toward the same conclusion: the drafting error in the Reform Act lies in the deletion of “attorney” from the first list in § 330(a)(1), not the retention of that term in the second. We therefore hold that Garvey is eligible under § 330 for compensation of Chapter 7 post-petition services. Accordingly, we reverse the contrary determination by the Bankruptcy Appellate Panel, and remand so that the appropriate amount of Garvey’s compensation under § 330 may be determined. Because we grant Garvey compensation under § 330, we need not decide at this time whether he would also be entitled to those fees under Oregon’s attorney retaining lien statute, and therefore vacate that award without prejudice.[11]
VACATED, REVERSED, and REMANDED for further proceedings consistent with this opinion.

. As part of the amendments, Congress restructured the subsections of § 330(a), such that § 330(a)(1) of the current Bankruptcy Code corresponds to § 330(a) of the pre-Re-form Act Code. When referring to both the pre and post-Reform Act Code, we will refer to the provision as § 330(a).

. The Reform Act applies to all cases commenced on or after October 22, 1994. See The Bankruptcy Reform Act of 1994, Pub.L. No. 103-394, § 702(b)(1) (1994). This case was commenced in September 1995 and is therefore governed by the Act.

. Although the Fifth Circuit advances no arguments to support its assertion that § 330(a)(1) is clear on its face, several bankruptcy courts, including the Bankruptcy Appellate Panel in the instant case, appear to argue that the Reform Act's addition of § 330(a)(4)(B) to the Bankruptcy Code eliminates any ambiguity that exists in § 330(a)(1). See In re Century Cleaning Servs., 215 B.R. at 21; In re Fassinger, 191 B.R. at 865; In re Kinnemore, 181 B.R. 520 (Bankr.D.Idaho 1995). The dissent also advances this argument. Starting with the fact that § 330(a)(4)(B) deals specifically with the compensation of Chapter 12 and Chapter 13 debt- or's attorneys, these bankruptcy courts and the dissent contend that a straightforward application of the traditional canon of statutory construction, expressio unius est exclusio alterius, leads inevitably to the conclusion that Congress intended to exclude Chapter 7 debtor’s attorneys from compensation under § 330 altogether. This argument, however, misapplies the expressio unius canon and ignores entirely the structure of § 330(a). The argument misapplies the canon because it illogically concludes that the mention of Chapter 12 and 13 debtor's attorneys in a list in subsection (4) of § 330 compels the conclusion that omission of attorneys from one of two lists in subsection (1) should be read as a complete and purposeful omission of attorneys from all of subsection (1). In the context of § 330(a), however, the logic of the canon extends at most only to the conclusion that the Chapter 7 attorneys are excluded from the provisions of subsection (4), not the provisions of subsection (1). The structure of § 330(a) makes this clear: subsection (4) has nothing to do with what parties are generally eligible for reasonable reimbursement (which is the subject of subsection (1)), but instead is concerned with how to calculate the reasonable compensation for those parties. § 330(a)(4)(A) lays out general limits governing the extent of reimbursement, and § 330(a)(4)(B) then carves out an exception to this general rule for determining the extent of reimbursement of Chapter 12 and Chapter 13 debtor’s attorneys. See In re Miller, 211 B.R. at 401. The fact that the statute employs a different standard to determine the level of reimbursement for Chapter 12 and Chapter 13 debtor's attorneys certainly does not suggest that other debtor's attorneys are entitled to no reimbursement. To the contrary, it suggests only that the level of reimbursement for other types of debtor’s attorneys should be determined under the general rule set forth in § 330(a)(4)(A).

. It is not difficult to see why these courts failed to find the patent ambiguity in § 330(a)(1): they examined only the first part of the critical sentence which makes up the provision and flatly ignored the equally important second part. In re Pro-Snax, 157 F.3d at 425; In re Century Cleaning, 215 B.R. at 21.

. Because the Fifth Circuit found the language of § 330(a)(1) unambiguous, it refused to examine the legislative history altogether. See In re Pro-Snax Distribs., Inc., 157 F.3d at 425-26. While other Bankruptcy courts that have reached the same conclusion as the Fifth Circuit have examined the legislative history of the Reform Act, they have done so through the lens of a strong interpretive presumption, refusing to credit contrary indications in the legislative history unless that evidence ‘'indicated] that [following the 'plain language’] would frustrate Congress’s clear intention or yield patent absurdity.” See, e.g., In re Friedland, 182 B.R. at 578. The dissent likewise relies on this presumption. The presumption derives from the canon of statutory interpretation set forth in the oft-quoted Supreme Court case Holy Trinity Church v. United States, 143 U.S. 457, 12 S.Ct. 511, 36 L.Ed. 226 (1892), which states the "familiar rule that a thing may be within the letter of the statute and yet not within the statute, because not within its spirit nor within the intention of its makers.” Id. at 459, 12 S.Ct. 511. This presumption obviously does not apply to § 330(a)(1), however, because by the canon’s own terms, it applies only where a statute has a plain meaning that allows for a "literal application.” Where, as here, a statute is ambiguous, there is no plain meaning to which a court can apply the presumption.

. Because the provisions were consolidated in the newly created § 330(a)(2), the bulk of the initial version of the Reform Act’s § 330(a)(2) became § 330(a)(3) after the Metzenbaum amendment was adopted.

. The Metzenbaum amendment also made other organizational changes to § 330(a). The sentence-long provision in § 330(a)(3)(a) of the initial version of the Reform Act, see Cong. Rec. S4405-06 (1994), for example, was broken down into a subdivided list by the amendment. See § 330(a)(4)(A).

. After this material was deleted, the Reform Act read:
(1) After notice to the parties in interest and the United States trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or If03—
(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any professional person employed by any such person; and
(B) reimbursement for actual, necessary expenses.
140 Cong. Rec. S4741-01 (1994).

. The dissenting opinion argues that the inclusion of "debtor's attorney” in the second list but not the first "is entirely consistent with the theory that Congress intended to eliminate compensation as a matter of course, but wished to retain the avenue for a Chapter 7 debtor's attorney to receive compensation on appointment by the trustee.” (Dissent at 1063.) It is true that § 327 of the Bankruptcy Code authorizes the trustee to employ various "professional persons,” including the debtor's attorney, in certain circumstances. But § 330(a) handles the compensation of these persons straightforwardly — by including "professional person” in both lists of eligible persons. For that reason, there is no need to include "attorney” in the second list in order to preserve the potential for appointment of the debtor's attorney by the trustee. Not only would the inclusion of the term "attorney” for that purpose be superfluous, it would create questions about why Congress did not specifically list the other professional persons eligible for compensation under § 327.

. The U.S. Trustee argues that denying debt- or's attorneys § 330 post-petition fees in Chapter 7 proceedings would not prevent the debtor from retaining counsel because the attorney's fees could be paid out of the debt- or’s post-petition earnings, which do not belong to and are not assets of the estate. See In re Friedland, 182 B.R. at 579 (making the same suggestion). Thus, the Trustee suggests, denying fees under § 330 would not really alter the debtor's ability to retain counsel. The Trustee’s argument ignores the likelihood, however, that if a corporate debtor in a Chapter 7 proceeding is defunct, it will have no earnings from which to pay attorney’s fees.

. The Oregon law issue would become relevant only if the Bankruptcy Court were to award Garvey less money on remand than it previously awarded him under the state lien theory, a subject on which we are in no position to speculate.