PUBLISH

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
12/15/99
THOMAS K. KAHN
CLERK

_____

No. 98-8831

_____

D. C. Docket No. CV-697-102

IN RE: AMERICAN STEEL PRODUCT, INC.,

Debtor.

INGLESBY, FALLIGANT,
HORNE, COURINGTON & NASH, P.C.,

Plaintiff-Appellant,

versus

ANNE R. MOORE, Chapter 7 Trustee,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(December 15, 1999)**

Before BLACK and WILSON, Circuit Judges, and RONEY, Senior Circuit Judge.

WILSON, Circuit Judge:

This case involves an issue of statutory interpretation. We consider whether a

Chapter 7 debtor' s attorney is entitled under the Bankruptcy Code to compensation

from the debtor's bankruptcy estate. The district and bankruptcy courts, interpreting 11 U.S.C. § 330, determined that the debtor's attorney is not so entitled. We agree and affirm.

BACKGROUND

Debtor, American Steel Products, Inc. ("ASP"), was placed in involuntary Chapter 7 bankruptcy by its creditors. The bankruptcy court subsequently converted it to a Chapter 11 proceeding and then reconverted it back to a Chapter 7. Although ASP was initially a debtor in possession,[1] Anne R. Moore ("Trustee") was appointed as Chapter 11 Trustee and remained as trustee when the case was reconverted to a Chapter 7. Inglesby, Falligant, Horne, Courington & Nash, P.C., ("the Inglesby firm"), a law firm, was subsequently appointed as counsel.

At the conclusion of the bankruptcy proceedings, the Inglesby firm submitted for court approval its application for compensation for services provided to the bankruptcy estate in the total amount of $30,141.87. A part of that proposed fee, $19,600.00, had been paid in the form of a retainer prior to the filing of the initial petition. The bankruptcy court entered an order permitting payment of $10,541.87, the difference between the fee application and the retainer fee initially paid, but

---

[1] **A debtor in possession has (with a few exceptions) the rights and duties of a Chapter 11 Trustee.** *See* **11 U.S.C. § 1107(a).**

reserved ruling on whether that payment should be derived from the bankruptcy estate itself or from the initial retainer. After receiving authority on the effect of the 1994 Amendments to 11 U.S.C. § 1330, the bankruptcy court vacated its prior order and disallowed attorney's fees out of the estate. The bankruptcy court found that the plain language of § 330 precluded an award of attorney's fees to a debtor's attorney in both Chapter 7 and Chapter 11 cases. The district court affirmed. We now have jurisdiction to consider this matter pursuant to 28 U.S.C. § 158(d).

## STANDARD OF REVIEW

In bankruptcy proceedings, we review factual findings for clear error and conclusions of law *de novo*. *See General Trading, Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1486, 1494 (11th Cir. 1997).

## DISCUSSION

The district court's ultimate denial of Ingelesby's compensation request was based on a plain reading of § 330 barring compensation to debtor's counsel in a Chapter 7 or 11 proceeding. In the Bankruptcy Reform Act of 1994, Congress amended § 330 to eliminate the former authorization for payment of debtor's counsel from estate assets in a Chapter 7 and Chapter 11 case. Prior to the 1994 amendments, § 330(a) provided in pertinent part:

> (a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the

3

court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, **or to the debtor's attorney**--

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title;

(emphasis added).

As a result of the amendments, Bankruptcy Code § 330(a) now provides in pertinent part:

(a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103--
(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and
(B) reimbursement for actual, necessary expenses
. . .

(4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for--
(i) unnecessary duplication of services; or
(ii) services that were not--
(I) reasonably likely to benefit the debtor's estate; or
(II) necessary to the administration of the case.
(B) In a Chapter 12 or Chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the **debtor's**

> **attorney for representing the interests of the debtor** in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and other factors set forth in this section . . . . (emphasis added)

We agree with the district court that the plain reading of § 330 precludes an award of attorney's fees to a debtor's attorney in a Chapter 7 or Chapter 11 proceeding. The Inglesby firm attempts to avoid the plain meaning of the statute by suggesting that the statute contains a drafting error or is ambiguous since the amendment specifically authorizes the bankruptcy court to award reasonable compensation to the debtor's attorney in a Chapter 12 or Chapter 13 in cases where the debtor is an individual. We must presume, however, that Congress intended what it said when it revised § 330 to delete any provision for the award of compensation to a debtor's attorney in either a Chapter 7 or a Chapter 11 case.

It is well-settled that courts are required to apply the plain meaning canon of statutory construction in interpretation of the Bankruptcy Code. "[A]s long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute." *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 240 (1989). We are thus obligated in this instance to apply the plain meaning of § 330 precluding an award of attorney's fees to a debtor's attorney in a Chapter 7 or Chapter 11 case. The statute is clear textually on its face and the plain meaning of the statute is conclusive.

Both the Fifth and the Ninth Circuits have considered this identical issue and have reached contrary results. In *In re Pro-Snax Distributors Inc.*, 157 F.3d 414, 425 (5th Cir. 1998), the Fifth Circuit rejected the argument that a literal application of § 330(a) would produce a result demonstrably at odds with the intentions of its drafters, stating:

> Although the legislative history and, indeed, a brief syntactical evaluation of the clause at issue suggest that Congress inadvertently neglected to include attorneys, our cannons of construction do not require–nay, do not permit–us to consider these exogenous sources when the statute is clear textually on its face.

*Pro Snax*, 157 F.3d at 425. On the other hand, the Ninth Circuit in *In re Century Cleaning Services, Inc.,* 9th Cir. 1999, __ F.3d __ (No. 98-35027, November 18, 1999), found the statutory language of § 330(a) "substantially ambiguous", concluding that "Congress made a drafting error of some kind". *Id.* The divided Ninth Circuit panel attributes the deletion of attorneys from the first list of compensable persons as "an unintended slip of the pen and not from a deliberate change." *Id.* We do not believe that it is within our province to make such an assumption in this case. We agree with the *In re Century* dissent by Judge Thomas who reasoned, as we do, that the unambiguous statutory language "should end the discussion, as it did for the Fifth Circuit." *Id.* Where the statute's language is plain,

6

as here, our sole function is to enforce it according to its terms. *See Ron Pair*, 489 U.S. at 241.

The Inglesby firm suggests that, at the very least, it is entitled to compensation for "professional services" rendered while representing the debtor **prior** to the appointment of the Chapter 11 trustee. We will not reach the merits of this issue because it was not considered by the district court. *See Ochran v. U.S.*, 117 F.3d 495, 502 (11th Cir. 1997). Moreover, this case does not present compelling circumstances which warrant departure from this general rule. *See id.* at 502-503.

<u>CONCLUSION</u>

We conclude that the plain language of 11 U.S.C. § 330 precludes an award of a attorney's fees to the debtor's attorney from the Chapter 7 bankruptcy estate.

AFFIRMED.