ELECTRONIC CITATION:  2000 FED App. 0009P (6th Cir.)
File Name:  00b0009p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

In re:  EGGLESTON WORKS LOUDSPEAKER CO.,  )
                                      )
        Debtor.                        )
_____  )
                                        )
UNITED STATES TRUSTEE,              )
                                        )
        Appellant,                )
                                        )
    v.                       )     No.  00-8017
                                        )
EGGLESTON WORKS LOUDSPEAKER CO.,  )
                                        )
        Appellee.                  )
_____  )

In re: HILBURN'S PAINT AND BODY SHOP, INC.,  )
                                        )
        Debtor.                       )
_____  )
                                        )
UNITED STATES TRUSTEE,              )
                                        )
        Appellant,                )
                                        )
    v.                       )     No.  00-8018
                                        )
HILBURN'S PAINT AND BODY SHOP, INC.  )
                                        )
        Appellee.                  )
_____  )

Appeal from the United States Bankruptcy Court
for the Western District of Tennessee, Western Division, at Memphis
Nos.  99-28754, 99-21476

Argued (00-8018) and Submitted (00-8017): July 19, 2000

Decided and Filed:  October 2, 2000

Before: AUG, MORGENSTERN-CLARREN, and RHODES,
Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:** Sean M. Haynes, OFFICE OF THE U.S. TRUSTEE, Memphis, Tennessee, for Appellant. Norman P. Hagemeyer, Memphis, Tennessee, for Self. **ON BRIEF**: Sean M. Haynes, OFFICE OF THE U.S. TRUSTEE, Memphis, Tennessee, for Appellant. Norman P. Hagemeyer, Memphis, Tennessee, for Self.

AUG, B. J., delivered the opinion of the court, in which RHODES, B. J., joined. MORGENSTERN-CLARREN, B. J., (p. 8), delivered a separate dissenting opinion.

_____

**OPINION**

_____

J. VINCENT AUG, JR., Bankruptcy Appellate Panel Judge. In these two consolidated appeals, the bankruptcy court allowed compensation to the chapter 7 debtors' attorneys from each bankruptcy estate. We AFFIRM.

## I. ISSUE ON APPEAL

The issue in this case is purely a matter of statutory interpretation: Whether a chapter 7 debtor's attorney can be awarded fees from the estate under 11 U.S.C. § 330.

## II. JURISDICTION AND STANDARD OF REVIEW

The bankruptcy court's order in the *Eggleston* case is an award of interim attorney fees.[1] As such, it is an interlocutory order. *See Roderick v. Levy (In re Roderick Timber Co.)*, 185 B.R. 601, 604 (B.A.P. 9th Cir. 1995). *See also The George Worthington Co.*, 921 F.2d 626, 628 (6th Cir. 1990).

Interlocutory appeals can only be heard with leave of the Panel. 28 U.S.C. § 158(b); *In re Roderick Timber Co.*, 185 B.R. at 604. If an order is interlocutory, and no motion for leave to appeal has been filed, the panel may consider a timely notice of appeal to be a

_____

[1]It is not clear whether the fee application in the *Hilburn* case is an interim or final fee application.

motion for leave. Fed. R. Bankr. P. 8003(c); *In re Roderick Timber Co.*, 185 B.R. at 604. Granting leave to appeal is at the discretion of the panel. *In re Roderick Timber Co.*, 185 B.R. at 604. The standards set forth in 28 U.S.C. § 1292(b) are applicable by analogy. *Id*. Thus, it is appropriate to consider the following: whether the order on appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion; whether an immediate appeal may materially advance the ultimate termination of the litigation; and whether denying leave would result in wasted litigation and expense. *Id*.

In view of the split of authority on this legal issue, leave to appeal is granted. Further, the ultimate decision by this panel should be rendered before the underlying bankruptcy cases are terminated, since the decision will undoubtedly have an impact on the future case management decisions yet to be made by the Debtors and their respective attorneys in the pending bankruptcy cases.

Interpretation of the Bankruptcy Code is a conclusion of law and is reviewed *de novo*. *See Mapother & Mapother, P.S.C. v. Cooper (In re Downs),* 103 F.3d 472 (6th Cir. 1996)(interpreting 11 U.S.C. § 329(a)). *De novo* means that the appellate court determines the law independently of the trial court's determination. *First Union Mortgage Corp. v. Eubanks* (*In re Eubanks*), 219 B.R. 468, 469 (B.A.P. 6th Cir. 1998) (citation omitted).

## III.  FACTS

The *Eggleston* case involves a single fee application for attorneys Gotten and Bateman in the amounts of $5,681.50 and $3,765.23 respectively. The bulk of the legal work done involved defending a creditor's motion to dismiss the bankruptcy case. The *Hilburn* case involves a fee application for attorney Hagemeyer in the amount of $1,250.20. The legal services rendered by attorney Hagemeyer included preparation of the schedules and statement of financial affairs and attendance at the first meeting of creditors.

The United States Trustee objected to both fee applications. The bankruptcy court denied the objections, found that the services of the debtors' attorneys were necessary to the administration of the two estates and awarded the fees. Timely appeals followed.

## IV.  DISCUSSION

Prior to 1994, 11 U.S.C. § 330 expressly contemplated an award of compensation to the debtor's attorney.  In 1994, 11 U.S.C. § 330(a) was substantially amended, adding, among other things, more detailed guidance about how a court should determine the reasonableness of the compensation for professionals.  *United States Trustee v. Garvey, Schubert & Barer (In re Century Cleaning Servs., Inc.)*, 195 F.3d 1053, 1056 (9th Cir. 1999).  The amendment also deleted the last several words "or the debtor's attorney" originally contained at the end of old (pre-1994) § 330(a).

Two circuits have held that this change precludes compensation of a debtor's attorney from estate assets.  *Inglesby, Fallingant, Horne, Courington & Nash, P.C. v. Moore (In re American Steel Prod., Inc.),* 197 F.3d 1354 (11th Cir. 1999); *Andrews & Kurth L.L.P. v. Family Snacks, Inc. (In re Pro-Snax Distrib., Inc.)*, 157 F.3d 414 (5th Cir. 1998).  Two circuits have held that this omission was inadvertent.  *In re Century Cleaning Servs., Inc.*, 195 F.3d 1053; *In re Ames Department Stores, Inc.*, 76 F.3d 66 (2d Cir. 1996). The Sixth Circuit has not yet addressed the issue.  For the reasons below, we adopt the rationale of the bankruptcy court and the latter line of cases.

As astutely pointed out in *In re Miller*, 211 B.R. 399, 401-02 (Bankr. D. Kan. 1997), amended § 330(a) contains two patent drafting errors.  First, in § 330(a)(1) the list of persons who may be compensated is missing a conjunction.  Second, § 330(a)(1)(A) expressly includes "attorney" while § 330(a)(1) does not.  Since subsection (a)(1)(A) is necessarily a part of subsection (a)(1), this renders § 330(a) inherently inconsistent.  In other words, the word "attorney" should appear in both § 330(a)(1) and § 330(a)(1)(A) or in neither.  These two drafting errors render the statute ambiguous.  *Id*. at 402.  *See also In re Century Cleaning Servs., Inc.*, 195 F.3d at 1057, 1058, 1060.  Thus, with regard to the issue before the panel, the statute does not have a plain meaning.  In these circumstances, it becomes our responsibility to determine whether Congress intended by the 1994 amendments to prohibit compensation to chapter 7 debtors' attorneys.  For the following reasons, the Panel concludes that Congress did not have such an intent.

First, prior to 1994, it was the practice to allow compensation of a debtor's attorney from the estate.  Surprisingly, there is no expected legislative history discussing such a significant alteration of an existing statutory scheme.  *In re Century Cleaning Servs., Inc.*, 195 F.3d 1060 (citing *Dewsnup v. Timm*, 502 U.S. 410, 419-20, 112 S. Ct. 773 (1993)).

*See also In re Miller*, 211 B.R. at 402 (citing 3 *Collier on Bankruptcy* ¶ 330 (Lawrence P. King, ed., 15th ed. 1997)).

Second, a plausible explanation exists for the deletion of these few words. As explained with great detail by the Ninth Circuit in *In re Century Cleaning Services, Inc*., these deleted words directly preceded other lengthy, proposed language which was considered but ultimately was never adopted by Congress. 195 F.3d at 1058-60. Thus, the deletion has been described by the Ninth Circuit as an "unintended slip of the pen." *Id*. at 1060.

Third, amended § 330(a) creates an inconsistency between it and 11 U.S.C. § 329. Section 329 allows a debtor's attorney to be paid from a retainer for services "to be rendered", i.e., post-petition, subject to ultimate court review. If the retainer is considered to be part of the estate, then it could not be so applied to post-petition fees if § 330(a) is read as precluding such application. *In re Miller,* 211 B.R. at 402.

Fourth, acknowledging that it is not the function of the judiciary to legislate policy in contravention of a statute with a plain meaning, *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 120 S. Ct. 1942, 1951 (2000), we note that policy considerations weigh in favor of allowing a debtor's attorney to be compensated from the estate. First, debtors' attorneys perform numerous post-petition services that are necessary to the administration of an estate. *In re Century Cleaning Servs., Inc*., 195 F.3d at 1060. Indeed in these cases, the bankruptcy judge specifically found that the services of the debtors' attorneys were necessary to the administration of the estates and United States Trustee has not challenged those findings. Such services should be compensated if for no other reason than to advance the proper functioning of the bankruptcy process. Otherwise, debtors' attorneys will either perform necessary services on a pro bono basis or else be discouraged from performing such services for fear that their services will not be compensated.

Second, if the debtor is a defunct corporation, it will have no post-petition earnings with which to pay its attorney. *Id*. at 1061, fn. 10. Third, prohibiting debtors' attorneys from being paid from the estate may encourage debtors' attorneys to overcharge their up-front fees to insure full payment. Fourth, "where the benefits to the estate are the same, it makes no sense to treat performances of such benefits by debtors' attorneys differently

than performances by other retained professionals." *In re Ames Department Stores, Inc.*, 76 F.3d at 72.

The two circuit court decisions which have denied compensation to debtors' attorneys from the estate are not persuasive. In *In re Pro-Snax Distrib.*, 157 F.3d 414, after a detailed analysis of the parties' arguments, the Fifth Circuit stated that the grammatical error was not explained, *Id*. at 422, yet later concluded that the statute was "clear on its face." *Id.* at 425. The Eleventh Circuit merely followed the Second Circuit, offering little independent analysis. *In re American Steel Prod., Inc.*, 197 F.3d 1354.

The panel is cognizant of two very recent opinions which have applied the plain meaning rule to different statutes in the Bankruptcy Code. *Hartford Underwriters*, 120 S. Ct. 1942 (2000); (discussing 11 U.S.C. § 506(c)); *Palmer v. Internal Revenue Service (In re Palmer),* 2000 WL 967913 (6th Cir. July 14, 2000) (discussing 11 U.S.C. §§ 523(a)(1)(A) and 507(a)(8)(A)(i)). We find both cases instructive but distinguishable because the Supreme Court and the Sixth Circuit, respectively, addressed statutes which were clear and unambiguous. *Hartford Underwriters*, 120 S. Ct. at 1947 ("statute appears quite plain"); *In re Palmer*, 2000 WL 967913 at *3 (the meaning of "these sections [are] clear and unambiguous").

In addition, the Sixth Circuit has given an indication that it would compensate a debtor's attorney from the estate. In *In re The George Worthington Co*., the Sixth Circuit held that an official creditors' committee is entitled to reimbursement of administrative expenses from the chapter 11 debtor's estate even though § 503(b) did not expressly provide for such. 921 F.2d 626. In making its decision, the Sixth Circuit recognized that "logic and equity, as well as policy considerations" are factors that may be considered when interpreting the Code. *Id*. at 633. *See also Id*. at 623 (Jones, J. concurring) ("I write separately to emphasize the judicial duty to act under circumstances such as these where Congress fails to explicitly allow or disallow a specific compensation.").

Lastly, the United States Trustee contends that because this drafting error has gone uncorrected for more than five years, the error is not an error. This is not persuasive. Given the many forces that drive the legislative process, it is inappropriate to place too much emphasis on Congress' failure to enact legislation. Furthermore, in 1997, two bills were introduced to make this "technical" correction but did not reach a vote. *In re Miller*, 211 B.R. at 403, fn. 1.

## V.  CONCLUSION

The Panel concludes that in the 1994 amendments to 11 U.S.C. § 330(a), Congress did not intend to deny compensation to chapter 7 debtors' attorneys for services necessary to the administration of the estate.  Accordingly, the orders of the bankruptcy court are AFFIRMED.

---

## DISSENT

---

PAT E. MORGENSTERN-CLARREN, Bankruptcy Appellate Panel Judge, dissenting. I respectfully dissent from the Panel's decision for the reasons stated by Judge Thomas in *In re Century Cleaning Servs., Inc.,* 195 F.3d 1053 (9th Cir. 1999) (Thomas, J., dissenting). As Judge Thomas summarized: "The majority may well have identified the best policy for compensating debtors' attorneys in Chapter 7 cases, but it is not the policy choice that Congress made . . . [B]oth the plain language of the statute and its legislative history leave no doubt that Congress meant what it said . . ." when it deleted the statutory language authorizing payment to debtors' counsel from the Chapter 7 estate. *Id*. at 1061. Accordingly, I would reverse the decision of the bankruptcy court based on Judge Thomas' reasoning and find that debtors' counsel may not be awarded compensation from these estates.