In re HILBURN'S PAINT AND BODY SHOP, INC., Debtor.

Ellen B. Vergos, United States Trustee for Region 8, Appellant,

v.

Hilburn's Paint And Body Shop, Inc., et al., Appellees.

No. 01–8026.

United States Bankruptcy Appellate Panel of the Sixth Circuit.

Oct. 4, 2001.

Before AUG, MORGENSTERN–CLARREN, and RHODES, Bankruptcy Appellate Panel Judges.

## ORDER

AUG, Bankruptcy Judge.

This is the second appeal presented by the United States Trustee on the issue of whether the Bankruptcy Code permits compensation to a debtor's attorney from the debtor's estate. In a prior opinion, the Panel affirmed the bankruptcy court's interim award of the $1,250.20 in compensation to the debtor's attorneys. See *United States Trustee v. Hilburn's Paint and Body Shop, Inc. (In re Hilburn's Paint and Body Shop, Inc.)*, 253 B.R. 519 (6th Cir. BAP 2000). The United States Trustee now appeals the bankruptcy court's final order approving administrative claim and disbursement of funds, which includes final approval and disbursement of

$1,250.20 in compensation to the chapter 7 debtor's attorneys from the bankruptcy estate.

Upon examination of the record and the briefs, the Panel unanimously agrees that oral argument would not significantly aid the decisional process in this appeal, and therefore waives oral argument. Fed. R.App. P. 34(a); Fed. R. Bankr.P. 8012.

██ Under the law of the case doctrine, a court is ordinarily precluded from re-examining an issue previously decided in the same case. *Consolidation Coal Co. v. McMahon,* 77 F.3d 898, 905 n. 5 (6th Cir.1996). Because the Panel's prior decision addressed the same issue presented in this appeal, the law of the case doctrine is applicable to this appeal. *See In re George Worthington Co.,* 921 F.2d 626, 628–29 (6th Cir.1990) ("The purpose of the doctrine of law of the case is to promote judicial comity, the judicial system's interest in finality, and the efficient administration of cases").

Therefore, for the reasons stated in the Panel's prior decision, the decision of the bankruptcy court in favor of the appellees is **AFFIRMED.**

MORGENSTERN–CLARREN, Bankruptcy Judge, dissenting.

I respectfully dissent from the Panel's decision and would reverse the decision of the bankruptcy court for the same reasons stated in my dissent in *Hilburn's Paint and Body Shop, Inc.,* 253 B.R. 519 (6th Cir. BAP 2000).