**In re TLI, INC., Debtor.**

**No. SG 02–08519.**

United States Bankruptcy Court, W.D. Michigan.

April 22, 2003.

Mark S. Bowman, Kinney, Burdick, Bowman & Engeln, P.L.C., St. Joseph, MI, Barbara K. Hamilton, Becket & Lee LLP, Newark, NJ, Jay Jaffe, Baker & Daniels, Indianapolis, IN, Harold E. Nelson, Borre, Peterson, Fowler & Reens PC, Grand

Rapids, MI, James G. Vantine, Jr., Miller, Canfield, Paddock & Stone PLC, Kalamazoo, MI, Robert F. Wardrop, II, Wardrop & Wardrop, P.C., Grand Rapids, MI, Martin J. Weis, Dilworth Paxson LLP, Philadelphia, PA, for creditor.

C. Blair Mohney, Siebers, Mohny Associates PLC, Grand Rapids, MI, for debtor.

Larry A. Ver Merris, Day & Sawdey PC, Grand Rapids, MI, for trustee.

## OPINION

JO ANN C. STEVENSON, Bankruptcy Judge.

This matter comes before the Court upon an Objection of the U.S. Trustee to the Application for Attorney Fees Filed by the Attorney for the Debtor. By stipulation of the parties, the Court bases its decision solely on the briefs filed and the cases cited therein.

On August 1, 2002, the Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code. As Debtor–In–Possession, TLI, Inc.(TLI) filed an application to employ Siebers Mohney PLC (Debtor's Counsel or Siebers Mohney) as its attorney on August 6, 2002. It received Court approval on September 19, 2002. However, on September 17, 2002, the case was converted to Chapter 7. The Chapter 7 Trustee never sought nor obtained the appointment of Siebers Mohney as counsel for himself or the estate.

Siebers Mohney subsequently filed a petition for $32,275.50 in fees and $457.34 in expenses. Previously, Debtor's Counsel had received a retainer fee of $30,000 of which $4,000.00 was transferred in payment for work done prior to the filing of the case. On December 3, 2002, Debtor's Counsel filed an application requesting authorization to pay the retainer balance of $26,000.00 to itself and for the Court to direct the Chapter 7 Trustee to pay the balance of fees and expenses in the amount of $6,732.84 from the Chapter 7 estate.

The U.S. Trustee filed an objection to this application stating that 31.8 hours of compensation requested was for work performed after the September 17, 2002 conversion. Consequently, $7,314.00 should not be awarded because Siebers Mohney was not entitled to compensation from the Chapter 7 estate. The U.S. Trustee concedes however, that the fees could be allowed as a Chapter 11 administrative expense.

A hearing was held on the application and objection on February 10, 2003 in which Siebers Mohney verified that any compensation paid was subject to disgorgement upon further order of the Court. Consequently, $24,961.50 in interim fees and $457.34 in expenses were awarded. This Opinion addresses the sole issue of whether Debtor's Counsel is entitled to fees from the Chapter 7 estate in the amount of $7,314.00.

■ The crux of this dispute centers upon an issue that has created a split within the courts of appeals. The key statutory provision construing this issue is 11 U.S.C. § 330. The 1986 version of § 330(a) stated in relevant part:

(a) After notice to any parties in interest and to the United States Trustee and a hearing, and subject to sections 326, 328 and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney–

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the

case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title.

11 U.S.C. § 330(a) (1988).

The Bankruptcy Reform Act of 1994 amended § 330(a) to read in relevant part as follows:

(a)(1) After notice to the parties in interest and to the United States Trustee and a hearing, and subject to sections 326, 328 and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103–

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person.

11 U.S.C. § 330(a) (2000). Thus, at first blush, § 330(a) as revised in 1994, would seem to distinguish between the list of people to whom the court "may award" payment, from the list of people to whom the court may provide "reasonable compensation." See 11 U.S.C. § 330(a)(1)(1)(A). Proving once again that, "Words calculated to catch everyone, may catch no one." *Adlai E. Stevenson Jr.*, Speech to Democratic National Convention, Chicago, Illinois, July 21, 1952.

■ Much has been made of Congress' intention, or lack thereof, behind the deletion of the phrase "or the debtor's attorney" as well as the missing conjunction "or" between "examiner" and "a professional person" The Fourth, Fifth and Eleventh Courts of Appeals have concluded that the plain meaning of § 330(a) and the canons of statutory construction, preclude the award of compensation to debtors' attorneys. See *United States Trustee v. Equipment Services, Inc. (In re Equipment Services, Inc.)*, 290 F.3d 739 (4th Cir.2002); *Andrews & Kurth, L.L.P. v. Family Snacks, Inc. (In re Pro–Snax Distributors, Inc.)*, 157 F.3d 414 (5th Cir. 1998); and *In re Inglesby, Falligant, Horne, Courington & Nash, P.C. v. Moore (In re American Steel Product, Inc.)*, 197 F.3d 1354 (11th Cir.1999). While the Second, Third and Ninth Circuits have looked beyond the omissions and determined that Congress' deletions were inadvertent and courts should read the missing language back into the statute. See *In re Ames Department Stores, Inc.*, 76 F.3d 66 (2d Cir.1996); *In re Top Grade Sausage, Inc.*, 227 F.3d 123 (3rd Cir.2000); and *In re Century Cleaning Services, Inc.*, 195 F.3d 1053 (9th Cir.1999). The Sixth Circuit has not yet addressed this issue.[1]

Siebers Mohney asks the Court to conclude that Congress expressed no intent to omit debtor's attorneys from § 330(a) when it enacted the Bankruptcy Reform Act of 1994 and argues that the Court should award the firm compensation from the Chapter 7 estate. The United States Trustee, on the other hand, argues that the plain language of § 330(a), as it is written, does not authorize compensation from the estate for the debtor's attorney in a Chapter 7 proceeding and the Court should enforce the statute in its current form.

Even though the Sixth Circuit has not ruled on this question, we look to it for guidance. *In re Palmer*, 219 F.3d 580 (6th

---

1. Although Siebers Mohney urges the Court to rely upon *In re Eggleston Works Loudspeaker Co.*, 253 B.R. 519 (6th Cir. BAP 2000) and *Vergos v. Hilburn's Paint and Body Shop, Inc. (In re Hilburn's Paint and Body Shop, Inc.)*, 268 B.R. 127 (6th Cir. BAP 2001), we are not bound to do so. These decisions of the bankruptcy appellate panels are no more controlling upon this Court than those of a district court in another district.

Cir.2000), involved a dischargeability issue between a debtor and the IRS and whether the 11 U.S.C. § 507(a)(8)(A)(i) look-back period was automatically tolled by a prior bankruptcy. One of the arguments made by the IRS was that Congress failed to consider the impact of multiple filings when determining whether a debtor's tax obligations should be discharged. The Court stated:

> We fail to see how Congress's purported failure even to consider the crafting of a substantive provision of the Bankruptcy Code could persuade us to write in what Congress left out. As the Supreme Court has instructed, the Bankruptcy Code is the product of substantial consideration by Congress, and is not prone to judicial tinkering: 'it is worth recalling that Congress worked on the formulation of the Code for nearly a decade ... [A]s long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute.' *Ron Pair Enters.[sic]*, 489 U.S. at 240–41, 109 S.Ct. 1026, 103 L.Ed.2d 290.

*Palmer*, 219 F.3d at 586.

Likewise, other cases decided by the Sixth Circuit have expressed a reluctance to amend the Bankruptcy Code from the bench. See *Smith v. United States (In re Smith)*, 96 F.3d 800, 803 (6th Cir.1996) (our cases demonstrate that we will read the Bankruptcy Code in a straightforward manner); *Dublin Securities, Inc. v. Helmer (In re Dublin Securities, Inc.)*, 214 F.3d 773, 774 (6th Cir.2000) (applying plain language of § 546(a) of the Bankruptcy Code to find that two-year limitations period begins running upon appointment of the trustee); *Rogers v. Laurain (In re Laurain)*, 113 F.3d 595, 600 (6th Cir.1997) (applying plain meaning of Fed. R.

Bankr.P. 4003(b) to 30 day period during which court may grant motion to extend time for filing objection to debtor's claim of exemption, even though a literal reading of Rule 4003(b) may be impractical and unfair); *Wolf Creek Collieries v. Robinson*, 872 F.2d 1264, 1269 (6th Cir.1989) (it is the court's role to address perceived inadequacies in a statute, however here petitioner was asking for an enlargement of the statute so that what was omitted by possible inadvertence could be included within its scope; to supply such omissions transcends the judicial function). Consequently, we conclude that we should follow the plain language of the 1994 version of § 330(a), particularly because application of the plain language supports a reasonable interpretation of the Bankruptcy Code.

The 1994 version clearly omits the prior authorization to compensate the debtor's attorney from a Chapter 7 estate. However, the subsequent reference to "attorney" in § 330(a)(1)(A) does not make the statute ambiguous. Just as a trustee replaces the debtor-in-possession to administer the estate and operate the business, so the trustee's attorney supplants the debtor's attorney to insure that the trustee will have help in performing his fiduciary duties. There is no need for the debtor to have assistance performing the duties that are assumed by the trustee upon the conversion of the case. Hence, the debtor's attorneys can serve no benefit to the estate unless they are designated as the trustee's attorneys.[2]

In fact, this delineation is supported statutorily. 11 U.S.C. § 521 provides the sole duties of a dispossessed Chapter 11 debtor: 1)filing a list of creditors and certain financial schedules; 2) cooperating

---

2. Under special circumstances and upon motion to the Court, it is possible that the debtor's attorney could be retained as special counsel to the trustee.

with the trustee as necessary; and 3) surrendering to the trustee all property, records, and books of the debtor. Very rarely would these duties require more than minimal, if any legal assistance.

■ We are bound by the canons of statutory construction, even though some may conclude that common sense requires a different, more appropriate result. The law, and the rules to which we adhere in order to interpret it, do not always conform to the dictates of common sense. "Law is mind without reason." *Aristotle,* 384 B.C.–322 B.C.

■ In this case, we have a statute which is unambiguous. It excludes attorneys from its list of professionals who may be compensated for their work from the estate after the appointment of a Chapter 11 trustee. Although a grammatical evaluation of the clause may suggest that Congress had inadvertently neglected to include attorneys, the Court is charged with the responsibility of enforcing the statute as written and to adhere to the canons of construction which do not permit us to look beyond a law that is clear on its face.