**In re TROPICAL KING LIMITED PARTNERSHIP, Debtor.**

No. 8:01–bk–22513–PMG.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 4, 2006.

Lynn V.H. Ramey, Law Offices of Lynn Ramey, Scott A. Stichter, Stichter, Riedel, Blain & Prosser, Tampa, FL, for Debtor.

Stephen R. Leslie, Stichter, Riedel, Blain & Prosser, Tampa, FL, for Trustee.

Benjamin E. Lambers, Tampa, FL, for U.S. Trustee.

## ORDER ON (1) APPLICATION OF RAMEY, RAMEY & KAMPF, P.A. FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR THE DEBTOR–IN–POSSESSION, AND (2) TRUSTEE'S OBJECTION TO APPLICATION

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider (1) the Application of Ramey, Ramey & Kampf, P.A. for Allowance of Compensation and Reimbursement of Expenses as Counsel for the Debtor–in–Possession, and (2) the Trustee's Objection to the Application for Allowance.

The Debtor, Tropical King Limited Partnership, filed a petition under Chapter 11 of the Bankruptcy Code on December 5, 2001.

On August 26, 2002, the Debtor filed its Application to Employ Ramey, Ramey & Kampf, P.A. as its general bankruptcy counsel. (Doc. 124).

On August 27, 2002, the Court entered an Order approving the Application and authorizing the Debtor to employ Ramey, Ramey & Kampf, P.A. as its counsel. (Doc. 127).

On September 26, 2002, the Debtor's Chapter 11 case was converted to a case under Chapter 7 of the Bankruptcy Code. (Docs.156, 157).

On January 29, 2003, Ramey, Ramey & Kampf, P.A. filed its Application for Allowance of Compensation and Reimbursement of Expenses as Counsel for the Debtor–in–Possession. (Doc. 203).

In the Application, Ramey, Ramey & Kampf, P.A. sought the allowance of attorney's fees in the amount of $23,472.00, and reimbursement of costs in the amount of $1,092.64, for a total award of $24,564.64.

On September 15, 2006, Ramey, Ramey & Kampf, P.A. supplemented the Application by filing Corrective Time Entries. (Doc. 271). The purpose of the supplement was to submit certain time records that had been inadvertently omitted from the original Application.

Of the total amount requested in the Application and supplement, it appears that the sum of $20,429.00 represents services provided and costs incurred while the bankruptcy case was pending as a Chapter 11, and that the balance of the request represents services provided and costs incurred after the case was converted to a Chapter 7.

On August 22, 2002, Ramey, Ramey & Kampf, P.A. had received a retainer in the amount of $20,000.00 from a non-debtor third party.

On May 11, 2006, the Chapter 7 Trustee filed an Objection to the Application (Doc. 259), and on June 19, 2006, the Trustee filed a Supplement to his Objection (Doc. 265).

Generally, the Trustee asserts in his Objection that Ramey, Ramey & Kampf, P.A. "is not entitled to compensation in excess of the retainer because ' § 330 precludes an award of attorney fees to a debtor's attorney' after conversion from a Chapter 11 case for services performed during the Chapter 7 case." (Doc. 265).

The Supreme Court of the United States held in *Lamie v. United States Trustee,* 540 U.S. 526, 538–39, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004), that Section 330(a)(1) "does not authorize compensation awards to debtors' attorneys from estate funds, *unless they are employed as authorized by § 327.* If the attorney is to be paid from estate funds under § 330(a)(1) in a chapter 7 case, he must be employed *by the trustee* and approved by the court." (Emphasis supplied.) See also *In re American Steel Product, Inc.,* 197 F.3d 1354 (11th Cir. 1999).

Section 327(a) of the Bankruptcy Code provides:

**11 USC § 327. Employment of professional persons**

(a) Except as otherwise provided in this section, *the trustee,* with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a)(Emphasis supplied). Section 1107 of the Bankruptcy Code provides that a Chapter 11 Debtor–in–Possession possesses all of the rights and powers of a trustee serving in a case under that chapter. 11 U.S.C. § 1107(a).

In this case, Ramey, Ramey & Kampf, P.A. was employed by the Debtor while the case was pending as a Chapter 11. Following the conversion of the case, however, Ramey, Ramey & Kampf, P.A. was not employed by the Trustee pursuant to § 327 of the Bankruptcy Code.

Consequently, according to the authorities cited above, Ramey, Ramey & Kampf, P.A. is not entitled to the allowance of any fees or costs that relate to the period after the conversion of the case.

Ramey, Ramey & Kampf, P.A. is entitled, however, to fees and costs in the

amount of $20,429.00, which represents the legal services performed and expenses incurred during the Chapter 11 case. Since Ramey, Ramey & Kampf, P.A. received a retainer in the amount of $20,000.00, it should be awarded the sum of $429.00 as an administrative claim in the Chapter 7 case pursuant to § 503(b) of the Bankruptcy Code.

Accordingly:

**IT IS ORDERED** that:

1. The Application of Ramey, Ramey & Kampf, P.A. for Allowance of Compensation and Reimbursement of Expenses as Counsel for the Debtor–in–Possession is approved in part and disapproved in part as set forth in this Order.

2. The Objection and Supplement to Objection to the Application filed by the Chapter 7 Trustee is sustained in part and overruled in part as set forth in this Order.

3. Ramey, Ramey & Kampf, P.A. is awarded an administrative claim in the amount of $429.00 for legal services provided and costs incurred while this case was pending as a Chapter 11 case.