**In re Tami Jo RAMEY, Debtor.**

**No. 98–5503–CH.**

United States Bankruptcy Court,
S.D. Iowa.

Sept. 6, 2001.

Thomas Flynn, Belin, Lamson, McCormick, Zumbach, Flynn, Des Moines, IA, for Petitioning Law Firm.

Bruce L. Cook, Cook & Brown, PLC, Clive, IA, for Creditor Snap–On Credit Corporation.

## ORDER—MOTION FOR ALLOWANCE OF ATTORNEY FEES AND EXPENSES AS PRIORITY CLAIM AND OBJECTION THERETO

RUSSELL J. HILL, Chief Judge.

On April 5, 2001, a telephone hearing was held on Debtor's former attorneys' Motion for Allowance of Attorney Fees and Expenses as Priority Claim. Attorney Thomas L. Flynn appeared for the law firm of Belin Lamson McCormick Zumbach Flynn, A Professional Corporation; attorney Bruce L. Cook appeared for Snap–On Credit Corporation; and attorney Anita Shodeen appeared in her capacity as Trustee. At the conclusion of the hearing, the court took the matter under advisement upon a briefing schedule.

Post-hearing briefs have been received, and the court considers the matter fully submitted.

The court has jurisdiction of this matter pursuant to 28 U.S.C. § 157(b)(1), 28 U.S.C. § 1334 and order of the United States District Court for the Southern District of Iowa. This is a core proceeding. 28 U.S.C. § 157(b)(2)(A) & (B). The court, upon review of the briefs, pleadings, evidence, and arguments of counsel, now enters its findings and conclusions pursuant to Fed. R. Bankr.P. 7052.

### FINDINGS OF FACT

1. On December 23, 1998, Tami Jo Ramey (hereinafter Debtor) filed a petition for chapter 7 protection under the Bankruptcy Code.

2. On March 12, 1999, Snap–On Credit Corporation (hereinafter Snap–On) commenced an adversary proceeding, No. 99–99034, to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523.

3. Belin Lamson McCormick Zumbach Flynn, A Professional Corporation (hereinafter Belin) represented Debtor in the above adversary proceeding. This representation continued through the trial and submission of post-trial briefs and arguments.

4. Belin filed this motion on December 5, 2000, requesting payment of $10,865.62 from the bankruptcy estate as a priority administrative claim. Belin indicated that this sum represented fees and costs incurred in the representation of Debtor.

5. Trustee and Snap–On filed objections to the motion.

6. On December 21, 2000, Belin requested permission to withdraw as counsel for Debtor citing a lack of cooperation and failure to pay fees as the grounds. The court approved the withdrawal by an order entered on January 19, 2001.

7. On February 5, 2001 the court entered a decision for Debtor in the adversary. The order stated: "IT IS THEREFORE ORDERED that the debt claimed by the plaintiff Snap–On Credit Corporation is not excepted from discharge, and the defendant Tami Jo Ramey shall have judgment against the plaintiff dismissing the complaint."

8. At the time of the hearing, Snap–On did not have a proof of claim on file.

### DISCUSSION

Belin requests the court approve the allowance of $10,865.62 as an administrative priority claim for its representation of Debtor in the adversary proceeding brought by Snap–On. Belin contends that its successful representation of Debtor benefited the bankruptcy estate by establishing that Snap–On had no claim against Debtor. Therefore, Trustee is relieved of the burden of objecting to Snap–On's claim, and the estate is not liable for the $64,256.87 plus interest that Snap–On claimed against Debtor.

Trustee objects to Belin's request for an administrative priority claim. After noting that a split in authority exists as to whether a debtor's attorney may be paid from the bankruptcy estate, Trustee contends that the law is settled in the Eighth Circuit that services rendered in the defense of a nondischargeability action benefit only the debtor and do not benefit the estate. She points out that Snap–On does not have a proof of claim on file even though the estate has assets, and notices have been sent to the scheduled creditors. Consequently, no objection to allowance of claim is necessary. Trustee maintains that Belin has failed to show actual benefit to the bankruptcy estate.

Snap–On concedes that it does not have a claim on file, and therefore, does not have standing to independently object to Belin's request. Instead, Snap–On joins in Trustee's objection.

Belin responds that "actual benefit" to the estate is not the appropriate standard. Services "reasonably likely to benefit the estate" at the time rendered may be compensated. The court need not reach the question of whether Belin's services to Debtor in the adversary proceeding benefited the estate, because the court determines that the Bankruptcy Code does not provide for payment to a chapter 7 debtor's attorney from assets of the estate.

Prior to 1994, § 330 of the Bankruptcy Code expressly provided that a debtor's attorney was eligible for compensation. At that time, the section stated:

(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

In the Bankruptcy Reform Act of 1994, Congress completely revised subsection (a). The revision eliminated the general authorization for payment to debtors' attorneys, and added specific provisions for the payment of debtors' attorneys under

chapters 12 and 13. Section 330 now provides in relevant part:

(a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103—

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

(2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

\*    \*    \*    \*    \*    \*

(4)(B) In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330 (2001).

■■■ The 1994 revision of § 330 has been the source of some dissent and disagreement among the courts. Currently, there is a split in the circuit courts on the issue of whether a debtor's attorney may be compensated from the bankruptcy estate. The Eleventh and Fifth Circuits hold that it may not. *Inglesby, Falligant,*

*Horne, Courington & Nash, P.C. v. Moore (In re Am. Steel Prod.),* 197 F.3d 1354, 1356 (11th Cir.1999); *Andrews & Kurth L.L.P. v. Family Snacks, Inc. (In re Pro-Snax Distrib., Inc.),* 157 F.3d 414, 424–26 (5th Cir.1998). These courts take the position that § 330 is unambiguous as written, and there is no need to delve into the legislative history to interpret the section. *In re Am. Steel Prod.,* 197 F.3d at 1356; *In re Pro–Snax,* 157 F.3d at 425. The well-settled rule is that courts must apply the "plain meaning canon of statutory construction" when interpreting the Bankruptcy Code. *In re Am. Steel Prod.,* 197 F.3d at 1356. " '[A]s long as the statutory scheme is coherent and consistent, there generally is no need for a court to inquire beyond the plain language of the statute.' " *Id. quoting United States v. Ron Pair Enter. Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). The Eleventh and Fifth circuits hold that the language of § 330 is textually clear and the meaning conclusive. *Id.; In re Pro–Snax,* 157 F.3d at 425.

The Ninth and Third circuit courts take the contrary position. *United States Trustee v. Garvey, Schubert & Barer (In re Century Cleaning Serv., Inc.),* 195 F.3d 1053, 1061 (9th Cir.1999); *In re Top Grade Sausage, Inc.,* 227 F.3d 123, 129–30 (3d Cir.2000); *see also In re Ames Dept. Stores, Inc.,* 76 F.3d 66, 71–72 (2d Cir. 1996) (stating in dicta that it was inclined to agree that debtor's attorney was inadvertently omitted from the 1994 revision of § 330). These courts find the revised language of § 330(a) to be ambiguous, and conclude that Congress made a drafting error by striking debtor's attorney from the list of parties who could be compensated from estate assets. *In re Century Cleaning,* 195 F.3d at 1056; *In re Top Grade Sausage, Inc.,* 227 F.3d at 128–30. They look to the legislative history and

conclude that there is not enough evidence to show that Congress intended such a departure from the previous state of the law. *In re Century Cleaning*, 195 F.3d at 1053–61; *In re Top Grade Sausage, Inc.*, 227 F.3d at 130.

■ The court is unpersuaded by the Ninth and Third circuits' analyses. Absent direction from the Eight Circuit, this court aligns itself with the Eleventh and Fifth Circuits in determining that a plain reading of § 330 precludes compensation of a debtor's attorney from estate assets after the appointment of a trustee. The court finds that the statute is textually clear and unambiguous.

Even if persuaded the language were ambiguous and further interpretation warranted, the court finds Circuit Judge Thomas' dissenting position in *In re Century Cleaning* convincing. Judge Thomas points out, that when Congress revised § 330, it included a new subsection expressly providing for payment to attorneys for chapter 12 and chapter 13 debtors in certain circumstances, but not those of chapter 7 debtors. *In re Century Cleaning*, 195 F.3d at 1062. The original Reform Act introduced in the Senate contained the provision providing compensation to debtors' attorneys; however, "debtor's attorney" was deleted from the legislation by an amendment introduced on April 21, 1994. *Id.* Further, in an August 17, 1994 hearing before the House Subcommittee on Economic and Commercial Law, the National Association of Consumer Bankruptcy Attorneys noted some minor drafting errors including the apparent "inadvertent removal of debtors' attorneys from the list of professionals whose compensation awards are covered by section 330(a)." *Id.* Despite having the spe-

cific fact called to their attention, the House of Representatives passed the legislation without altering the language, and the Senate subsequently passed the House bill. *Id.*

The court finds further support of Congressional intent to deny compensation to debtors' attorneys from the current Bankruptcy Reform Act. Both the House Bill, H.R. 333, passed on March 1, 2001, and the Senate bill, S.420, passed on March 15, 2001, revise § 330(a). The Senate bill adds "an ombudsman appointed under section 332, or." The House bill makes the same addition, but identifies the section as 331.[1] Neither bill reinstates the authority to compensate debtors' attorneys. Rather, each bill adds the conjunction "or," thereby correcting the grammar that the courts have found troubling. *See e.g., In re Century Cleaning*, 195 F.3d at 1058 ("to render the amended listing grammatically correct, Congress would have had to insert the conjunction 'or' immediately before the now-last category 'a professional person.'...The absence of this conjunction shows, at least, that some error was made in the drafting of the provision...").

In summation, the plain language of the statute compels this court to follow the course taken by the Eleventh and Fifth Circuits and hold that § 330 does not authorize payment to a chapter 7 debtors' attorney. The court will not assume that Congress inadvertently struck "debtor's attorney" from the section and judicially reinsert those words into the section. Consequently, Belin's motion must be denied.

### ORDER

IT IS THEREFORE ORDERED that Belin Lamson McCormick Zumbach

---

1. The reference to 331 in the House bill is probably in error as the "Appointment of Ombudsman" is located at section 332 of the Bankruptcy Code as amended by section 1104 of H.R. 333.

Flynn's Motion for Allowance of Attorney Fees and Expenses as Priority Claim is DENIED.