In re Calvin HALL, Jr., Debtor.

No. 01–80623–SSM.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Feb. 14, 2002.

Calvin Hall, Jr., Falls Church, for Debtor.

Thomas T. Andrews, Jr., Alexandria, VA, for debtor.

Gerald M. O'Donnell, Alexandria, VA, Chapter 13 Trustee.

Dennis Early, Alexandria, VA, Assistant United States Trustee.

## MEMORANDUM OPINION AND ORDER

STEPHEN S. MITCHELL, Bankruptcy Judge.

A hearing was held in open court on February 13, 2002, on the application of Tommy Andrews, Jr. Esquire, for approval and payment of compensation as counsel for the debtor. The chapter 13 trustee, Gerald M. O'Donnell, did not object to the amount of the requested fees but questioned whether there was any legal authority to pay them from the funds he has on hand, since no plan has been confirmed and the case is ripe for dismissal. For the reasons stated, the court determines that the trustee may pay the approved fees of debtor's counsel from the payments made by the debtor while the case was pending.

### Background

Calvin Hall, Jr., filed a voluntary chapter 13 petition in this court on May 16, 2001. Although he filed two repayment plans, neither plan was confirmed. In each instance, the order denying confirmation gave the debtor ten days in which to file a modified plan or suffer dismissal of his case. When no further plan was filed,

the clerk entered an order on January 17, 2002, dismissing the case. In the interim, the debtor's attorney, Tommy Andrews, Jr., filed an application on January 3, 2002, for approval of compensation in the amount of $1,157.19.[1]

The application reflects that Mr. Andrews expended 5.59 hours, and his paralegal 7.39 hours, in connection with the debtor's case. Additionally, out-of-pocket expenses had been incurred in the amount of $59.78. The application sought compensation for attorney time at $185.00 per hour and for paralegal time at $90.00 per hour. The total request for compensation and expense reimbursement thus came to $1,757.19, less $600.00 that Mr. Andrews had received from the debtor prepetition. Mr. Andrews accordingly seeks approval and payment of the remaining amount, $1,157.19, from the bankruptcy estate as an expense of administration. The trustee advises that he is holding the sum of $1,326.00, which represents the payments made by the debtor while the case was pending.[2]

### Discussion

#### A.

The first issue is the proper amount of fees and expenses to be approved. The court has previously ruled, in connection with a prior fee application by Mr. Andrews, that $90.00 per hour is an excessive rate for paralegal time. Based on the court's general familiarity with prevailing rates in Alexandria, Virginia (derived from reviewing fee applications in other cases), the court determines that $75.00 per hour is currently the general market rate for paralegal time, and the court will allow compensation at that rate. A rate of $185.00 per hour for attorney time is within the range of prevailing local rates for an attorney of Mr. Andrew's experience and will be allowed.[3] The court has reviewed the supporting time entries attached to the application. The time expended appears to have been reasonable for the tasks performed, and the tasks appear to have been necessary to the administration of the case. The requested expenses of $59.78 also appear reasonable and necessary. Accordingly, fees and expenses will be approved in the total amount of $1,648.18, calculated as follows:

|  | Rate | Time | Amount |
|---|---|---|---|
| Attorney | $185 | 5.59 hours | $1,034.15 |
| Paralegal | $ 75 | 7.39 hours | 554.25 |
| Expenses |  |  | 59.78 |
| Total |  |  | $1,648.18 |

1. The court notes that Mr. Andrew's applications in this and other cases do not separately state the amounts requested for compensation and for reimbursement of expenses, but simply give a combined amount. Future applications, notices and proposed orders should separately state the amounts requested for professional compensation and for reimbursement of expenses. This will assist the clerk in properly maintaining the public record of compensation required by Federal Rule of Bankruptcy Procedure 2013.

2. A chapter 13 debtor is required to commence making the payments proposed by his or her plan within 30 days after the plan is filed. § 1326(a)(1), Bankruptcy Code. However, the trustee cannot commence payments to creditors until the plan is confirmed. § 1326(a)(2), Bankruptcy Code. Thus, if a plan is ultimately not confirmed, the trustee may have accumulated a substantial number of plan payments.

3. Two days prior to the hearing, Mr. Andrews filed an amended application that attempted to get around the court's earlier ruling with respect to paralegal rates by simply increasing the attorney rate by an amount sufficient to offset the reduction in paralegal compensation. The court declines to consider the last-minute amendment or to award compensation at a rate higher than the rate the attorney previously represented to be his customary hourly rate.

Since Mr. Andrews has already received $600.00, the remaining amount, or $1,048.18, will be approved for payment as an expense of administration.

## B.

■ The question raised by the chapter 13 trustee is whether he has authority to pay that amount from the funds he is holding. The trustee's concern arises because of the requirement in § 1326(a)(2), Bankruptcy Code, that the trustee, if a plan is not confirmed, return to the debtor all payments that have been made by the debtor "after deducting any unpaid claim allowed under section 503(b) of this title." The trustee questions whether the fees and expenses of debtor's counsel constitute such a claim.

The court concludes that they do. Section 503(b), Bankruptcy Code, allows the court, after notice and a hearing, to approve, as an administrative expense, various categories of claims and expenses. One of those categories is "compensation and reimbursement awarded under section 330(a) of this title." § 503(b)(2), Bankruptcy Code. Section 330(a), Bankruptcy Code, in turn allows the court to award compensation to estate officers and professionals. Although there is a division of authority as to whether the attorney for a chapter 7 debtor may be compensated under § 330(a),[4] the statute clearly does allow the attorney for a chapter 13 debtor to be compensated:

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

§ 330(a)(4)(B), Bankruptcy Code.[5] Thus, an award of compensation to the attorney for a chapter 13 debtor plainly constitutes "compensation awarded under section § 330(a)," which in turn qualifies the award as an expense of administration under § 503(b), Bankruptcy Code. Since § 1326 directs the trustee to deduct "any unpaid claim allowed under section 503(b)" before returning funds to the debtor, it follows that the approved compensation may, and indeed should, be paid by the chapter 13 trustee before returning funds to the debtor. *In re Oliver*, 222 B.R. 272, 274 (Bankr.E.D.Va.1998) (directing trustee to pay approved fees of debtor's counsel from funds on hand but to return balance to debtor notwithstanding a garnishment of those funds by a judgment creditor); 8 Lawrence P. King, ed., Collier on Bankruptcy ¶ 1326.03 at 1326–7 (15th ed. rev. 2000) ("If the court has approved attor-

---

4. *Compare In re American Steel Product, Inc.*, 197 F.3d 1354, 1356 (11th Cir.1999) ("We agree with the district court that the plain reading of § 330 precludes an award of attorney's fees to a debtor's attorney in a Chapter 7 or Chapter 11 proceeding") *with In re Century Cleaning Services, Inc.*, 195 F.3d 1053, 1058–60 (9th Cir.1999) (opining that Congress made a drafting error of some kind when revising § 330 in 1994); *accord, In re Taylor*, 250 B.R. 869 (E.D.Va.2000) (holding that debtor's attorney may be awarded compensation under § 330 in chapter 7 case).

5. The "other factors" are as follows: (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, the case; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in nonbankruptcy cases. § 330(a)(3), Bankruptcy Code.

ney's fees for the debtor's counsel, such fees would also be claims under section 503(b), and must be paid by the trustee before the balance of the funds are returned to the debtor.").

## ORDER

For the foregoing reasons, it is

**ORDERED:**

1. The application of Tommy Andrews, Jr., Esquire, for approval and payment of compensation as counsel for the debtor is approved in part and denied in part. Compensation is approved in the amount of $1,588.40 and reimbursement of expenses in the amount of $59.78, less $600.00 previously paid to the applicant. The balance of *$1,048.18* shall be paid by the chapter 13 trustee as an expense of administration before funds are returned to the debtor.

2. The clerk will mail a copy of this memorandum opinion and order, or electronically transmit notice of its filing and entry, to the parties listed below.